UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHARON B. IKERD<br>                *Plaintiff*<br>v.<br><br>BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, L DILLON TREE HARVESTING, LLC, AND BOBBY DILLON<br>                *Defendants* | CIVIL ACTION NO.<br><br>SECTION "_____"<br><br>JUDGE<br><br>MAGISTRATE |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, defendants, Bobby Dillon, L Dillon Tree Harvesting, L.L.C. and Berkshire Hathaway Homestate Insurance Company (collectively, "Defendants"), file this notice of removal of the action titled *Sharon B. Ikerd versus Berkshire Hathaway Homestate Insurance Company, L. Dillon Tree Harvesting, LLC, and Bobby Dillon*, pending under Docket No. 117221 in Division "D" of the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, on the following grounds:

### I.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

1.  On August 18, 2022, plaintiff, Sharon Ikerd ("Plaintiff"), filed suit against Defendants in the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, seeking recovery for alleged personal injuries and other damages attributed to an auto collision that occurred on May 16, 2022. The lawsuit is entitled *Sharon B. Ikerd versus Berkshire Hathaway Homestate Insurance Company, L. Dillon Tree Harvesting, LLC, and Bobby Dillon*, and pending under Docket No. 117221 in Division "D" of the 22nd Judicial District Court for the Parish of Washington, State of Louisiana.[1]

---
[1] *See generally* Exhibit 1, certified copy of State court record.

2.     In response to Plaintiff's original petition for damages, Defendants urged, *inter alia*, an exception of vagueness that was filed in State court on December 6, 2022.[2] The exception contended the petition was vague for failing to include a general damages allegation, as required by La. C.C.P. art. 893(A)(1), stating whether the value of Plaintiff's cause of action exceeded the $75,000 monetary threshold governing federal diversity jurisdiction.[3] The State court scheduled the exception for hearing on February 10, 2023.[4]

3.     On February 8, 2023, Plaintiff's counsel e-mailed defense counsel agreeing to resolve Defendants' exception of vagueness by entering a proposed consent judgment attached to the e-mail.[5] The consent judgment cured the grounds for the exception of vagueness via the following stipulated plea regarding damages: "Plaintiff hereby pleads, per La. C.C.P. 893(A)(1), that the value of her cause of action against Defendants exceeds $75,000, exclusive of interest and costs."[6] The consent judgment was signed by both parties and filed into the State court record on February 9, 2023.[7] The consent judgment was signed by the State court trial judge on February 28, 2023.[8]

**II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332**

4.     28 U.S.C. § 1332(a) provides federal district courts with concurrent original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between (1) citizens of different States. . ."

---

[2] Exhibit 1, p. 27 of 74.
[3] Exhibit 1, p. 27 of 74.
[4] Exhibit 1, p. 32 of 74.
[5] Exhibit 3, e-mail with attached consent judgment transmitted by Plaintiff's counsel on 2/8/2023.
[6] Exhibit 3, e-mail with attached consent judgment transmitted by Plaintiff's counsel on 2/8/2023; Exhibit 1, consent judgment, pp. 69-70 of 74.
[7] Exhibit 1, pp. 69-70 of 74.
[8] Exhibit 2, fully executed and conformed consent judgment.

5.  There is complete diversity of citizenship between Plaintiff, a Louisiana citizen, and Defendants, all of whom are citizens of a state other than the State of Louisiana:

   a.  Plaintiff, Sharon B. Ikerd, is domiciled in and therefore a citizen of the State of Louisiana;

   b.  Defendant, Bobby Dillon, is domiciled in and therefore a citizen of the State of Mississippi;

   c.  Defendant, L. Dillon Tree Harvesting, L.L.C., is a Mississippi limited liability company owned by a single member, L.C. Dillon, who is domiciled in Mississippi, thereby making L. Dillon Tree Harvesting, L.L.C. a citizen of the State of Mississippi; and

   d.  Defendant, Berkshire Hathaway Homestate Insurance Company, is a Nebraska corporation with its principal place of business in Nebraska, and its insured has been named a party-defendant, thereby making Berkshire Hathaway Homestate Insurance Company a citizen of the State of Nebraska. *See* 28 U.S.C. § 1332(c)(1).

6.  For purposes of removal and this Court's jurisdiction under 28 U.S.C. § 1332(a), and while reserving all rights to contest liability, damages, and to assert any and all denials and defenses, Defendants submit the amount in controversy exceeds $75,000, per the consent judgment resolving Defendants' exception of vagueness wherein Plaintiff pled, per La. C.C.P. 893(A)(1), that the value of her cause of action exceeds $75,000, exclusive of interest and costs.[9]

## III. REMOVAL IS TIMELY

7.  28 U.S.C. § 1446(b)(1) provides: "The notice of removal of a civil action shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an

---

[9] Exhibit 2, fully conformed consent judgment.

3

amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

8.    Plaintiff's case, as stated in her original petition for damages, was not removable because the petition made no allegation as to the value or dollar-amount of her action or her alleged damages.[10]

9.    This action became removable, at the earliest, on February 8, 2023, when Plaintiff's counsel sent defense counsel an e-mail with a proposed consent judgment wherein Plaintiff represented and pled, for the first time, "that the value of her cause of action against Defendants exceeds $75,000, exclusive of interest and costs."[11]

10.   Defendants have filed this notice of removal within 30 days of February 8, 2023, thereby making the removal timely under 28 U.S.C. § 1446(b)(3).

### IV. REMAINING PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

11.   All three defendants to this action—Bobby Dillon, L Dillon Tree Harvesting, L.L.C. and Berkshire Hathaway Homestate Insurance Company—have joined in the filing of this notice of removal, in accord with 28 U.S.C. § 1446(b)(2)(A).

12.   The 22nd Judicial District Court for the Parish of Washington is located within the Eastern District of Louisiana, pursuant to 28 U.S.C. § 98(a).  Therefore, venue is proper, per 28 U.S.C. § 1441(a), because the Eastern District of Louisiana is the "district and division embracing the place where such action is pending."

---

[10] Exhibit 1, original Petition for Damages, pp. 11-15 of 74.
[11] Exhibit 3, e-mail from Plaintiff's counsel dated 02/08/2023; Exhibit 1, consent judgment, pp. 69-70 of 74.

13. Defendants have filed copies of all process, pleadings, orders and other contents of the State court record as Exhibits 1 and 2 to this notice of removal, in accord with 28 U.S.C. § 1446(a).[12]

14. Defendants will be giving prompt, written notice of the filing of this notice of removal to Plaintiff, the sole adverse party, and will be filing a copy of this notice of removal with the Clerk of Court for the 22nd Judicial District Court for the Parish of Washington, in accord with 28 U.S.C. § 1446(d).

**V.   JURY DEMAND**

15. Defendants demand trial by jury of all issues triable by jury.

**WHEREFORE**, defendants, Bobby Dillon, L Dillon Tree Harvesting, L.L.C. and Berkshire Hathaway Homestate Insurance Company, pray this notice of removal be deemed good and sufficient and that the action titled *Sharon B. Ikerd versus Berkshire Hathaway Homestate Insurance Company, L. Dillon Tree Harvesting, LLC, and Bobby Dillon*, pending under Docket No. 117221 in Division "D" of the 22nd Judicial District Court for the Parish of Washington, State of Louisiana, be removed and lodged with this Court, pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446.

---

[12] Exhibit 1, certified state court record; Exhibit 2, judge-executed consent judgment (received by Defendants after receipt of certified state court record).

Respectfully submitted,

*/s/ Sloan L. Abernathy*
Sloan L. Abernathy (La. Bar #35398)
Devin J. Barnett (La. Bar #33001)
DEUTSCH KERRIGAN, L.L.P.
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Telefax: (504) 566-4012
E-Mail:   sabernathy@deutschkerrigan.com
          dbarnett@deutschkerrigan.com
*Counsel for defendants, Bobby Dillon, L Dillon Tree Harvesting, L.L.C. and Berkshire Hathaway Homestate Insurance Company*

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing has been served on plaintiff, Sharon B. Ikerd, through her counsel of record, Jeffrey G. Lagarde, Esq., Ross Lagarde, APLC., 2250 Gause Blvd. East, Suite No. 301, Slidell, Louisiana 70461 (e-mail: jeff@rlagardelaw.com), by e-mail, by facsimile, or by placing a copy of same in the United States mail, postage prepaid and properly addressed, on or before the 9th day of March, 2023.

*/s/ Sloan L. Abernathy*
**Sloan L. Abernathy**