## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**SHARON B. IKERD**                                       **CIVIL ACTION**

**VERSUS**                                                 **No. 23-890**
                                                           **c/w 23-1330**
                                                           **REF: 23-890**

**BERKSHIRE HATHAWAY HOMESTATE**                           **SECTION I**
**INSURANCE COMPANY ET AL.**

## ORDER & REASONS

Before the Court is a motion[1] for partial summary judgment filed by defendants Bobby Dillon ("Dillon"), L Dillon Tree Harvesting, LLC, and Berkshire Hathaway Homestate Insurance Company (collectively, "defendants"). Plaintiff Sharon B. Ikerd ("plaintiff") opposes the motion.[2] Defendants filed a reply to plaintiff's opposition.[3] For the reasons set forth below, the Court grants the motion for partial summary judgment.

### I. BACKGROUND

The present action concerns an automobile collision. At the time of the accident, plaintiff was driving a school bus and had stopped to allow children to exit the bus.[4] Plaintiff alleges that her school bus was hit by Dillon who was driving a tractor trailer carrying a load of logs.[5]

---

[1] R. Doc. No. 51.
[2] R. Doc. No. 57.
[3] R. Doc. No. 70.
[4] R. Doc. No. 1-1, at 12.
[5] *Id.*

In her complaint, plaintiff complains of "severe, painful, debilitating, and permanently disabling injuries[,]" as well as "severe physical pain and suffering" and "mental anguish" caused by the accident.[6] She alleges that her damages were caused by "the gross and wanton negligence, carelessness, and recklessness" of Dillon.[7] Plaintiff seeks damages for: "[p]ast, present, and future pain and suffering;" "[p]ast, present, and future mental anguish;" "[p]ast, present, and future medical expenses;" "[p]ast, present, and future loss of enjoyment of life;" "[p]ast, present, and future lost wages;" "[p]ermanent disability;" "[p]roperty damage;" and "[o]ther damages itemized at the trial of this matter."[8]

Defendants filed their motion for partial summary judgment with respect to plaintiff's claims for future medical expenses and loss of wages, both past and future.[9] Plaintiff "concedes that she is not making a claim for lost wages."[10] Therefore, the only issue for the Court to decide is whether defendants are entitled to partial summary judgment regarding the claim for future medical expenses.

Defendants argue that plaintiff "does not have any evidence, medical or otherwise, to support her claim for future medical expenses[,]" and, therefore, plaintiff "cannot support a claim for future medical expenses at trial."[11] In response, plaintiff argues "that the medical records are replete with evidence concerning her

---

[6] *Id.* at 13.
[7] *Id.* at 12.
[8] *Id.* at 13–14.
[9] R. Doc. No. 51-1, at 1.
[10] R. Doc. No. 57, at 1.
[11] R. Doc. No. 51-1, at 7.

2

need for future medical treatment and the cost thereof,"[12] and the testimony of her treating physician will support her claim.[13] Additionally, plaintiff urges the Court not to invade the role of the jury.[14] In reply, defendants argue that the only evidence submitted by plaintiff concerns past medical treatment, not future medical treatment.[15]

## II.  STANDARDS OF LAW

Summary judgment is proper when, after reviewing the materials in the record, a court determines that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of a material fact; it need only point out the absence of evidence supporting the other party's case. *Id.*; *see also Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195–96 (5th Cir. 1986) ("There is no sound reason why

---

[12] R. Doc. No. 57, at 1.
[13] *Id.* at 6.
[14] *Id.*
[15] R. Doc. No. 70, at 4. Defendants also note that the "Estimate of Fees" included in plaintiff's response was not timely disclosed and should be excluded. Even if the estimate itself may not be admissible at trial, the Court may still consider the substance of the evidence, which could be introduced through plaintiff's testimony regarding the treatment she needed and received in October. *See Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017).

conclusory allegations should suffice to require a trial when there is no evidence to support them even if the movant lacks contrary evidence.").

Once the party seeking summary judgment carries that burden, the nonmoving party must come forward with specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Rather, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tennessee Gas Pipeline Co.,* 136 F.3d 455, 458 (5th Cir. 1998). If the nonmovant fails to meet their burden of showing a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075–76.

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial." *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted). The party responding to the motion for summary judgment may not rest upon the

4

pleadings but must identify specific facts that establish a genuine issue. *See Anderson*, 477 U.S. at 248. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." *Id.* at 255.

### III. ANALYSIS

To recover future medical expenses, a plaintiff must "show the probability of future medical expenses with supporting medical testimony and estimations of their probable cost." *Berry v. Auto-Owners Ins. Co.*, 634 F. App'x 960, 964 (5th Cir. 2015) (quoting *Menard v. Lafayette Ins. Co.,* 31 So.3d 996, 1006 (La.2010)). "[F]uture medical expenses must be established with some degree of certainty; that is, the plaintiff must prove by a preponderance of the evidence the future medical expense will be medically necessary." *Id.* (internal quotations omitted). "A plaintiff may be entitled to an award for future medical expenses even when 'the record does not provide the exact value of the necessary expenses' as long as the Court can determine from the record 'a minimum amount that *reasonable minds* could not disagree will be required.'" *Abadie v. Target Corp. of Minn.*, No. CV 18-14112, 2021 WL 5029462, at *2 (E.D. La. June 22, 2021) (Vance, J.) (quoting *Menard,* 31 So. 3d at 1006) (emphasis in original).

"As the U.S. Fifth Circuit has stated, an award for future medical expenses is in great measure highly speculative and not susceptible to calculation with mathematical certainty." *Id.* (internal quotations omitted). Thus, "fixing such awards generally turns on questions of credibility and inferences, *i.e.*, whose experts and

5

other witnesses does the jury believe?" *Id.* (internal quotations and modifications omitted).

As mentioned previously, in their motion for partial summary judgment, defendants assert that plaintiff "does not have any evidence . . . to support her claim for future medical expenses."[16] Because defendants suggested there was a lack of evidence supporting plaintiff's claim, the burden shifts to plaintiff to point to specific facts showing that there is a genuine dispute of material fact for trial. *See Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Plaintiff argues that she has shown there is a genuine dispute of material fact because she has medical records and expert testimony that will support her claim for future medical expenses at trial.[17] However, plaintiff does not identify specific evidence that will establish her future medical expenses. While fixing the amount of an award for future medical expenses is generally a question for the jury, the Court must first determine that the record establishes a minimum amount that reasonable minds could not disagree would be required. *See Abadie*, No. CV 18-14112, 2021 WL 5029462, at *2. In her response, plaintiff does not point to any specific testimony or records that will establish future medical expenses with some degree of certainty, nor has plaintiff provided any estimation of probable costs. By merely including the records of past treatment and stating testimony at trial will support her claim, plaintiff has failed to "identify specific evidence in the record and to articulate the

---

[16] R. Doc. No. 51-1, at 7.
[17] R. Doc. No. 57, at 7.

6

precise manner in which that evidence supports [ ] her claim." *See Ragas,* 136 F.3d 455, 458.

Additionally, contrary to plaintiff's assertion, *Banks v. Meier* is distinguishable from this matter. No. CV 17-12-SDD-RLB, 2018 WL 3945608, at *3 (M.D. La. Aug. 15, 2018). Unlike the plaintiff in *Banks*, plaintiff does not cite to any specific testimony or records which suggest the need for future medical treatment. *Id.* (declining to grant summary judgment where the plaintiff "cite[d] testimony from both his own treating physician and portions of the testimony of Defendants' independent medical examiner which suggest the possible need for future medical treatment."). The cases cited by *Banks* also required specific testimony and records to sustain the claim for future medical expenses. *See e.g., Sosa v. Dollar Gen. Corp.*, No. CV 15-1790, 2016 WL 1393504 (E.D. La. Apr. 8, 2016) (Brown, J.) (denying a motion for partial summary judgment where the plaintiff presented her own testimony of her continuing pain and treatment, corroborating testimony from her treating physician, and medical records establishing the probable cost of future treatments). Plaintiff has not presented any such evidence.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that defendants' motion for partial summary judgment is **GRANTED**. Plaintiff's claims for loss of wages and future medical expenses are **DISMISSED WITH PREJUDICE.**

7

New Orleans, Louisiana, November 27, 2023.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**