UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHARON B. IKERD                                                           CIVIL ACTION

VERSUS                                                                            No. 23-890
                                                                                          c/w 23-1330
                                                                                          REF: 23-890

BERKSHIRE HATHAWAY HOMESTATE                                SECTION I
INSURANCE COMPANY ET AL.

### ORDER AND REASONS

Before the Court is an opposed motion filed by Sharon B. Ikerd ("plaintiff") to exclude surveillance videos captured by investigators hired by Bobby Dillon ("Dillon"), L Dillon Tree Harvesting, LLC, and Berkshire Hathaway Homestate Insurance Company (collectively, "defendants").[1] For the reasons set forth below, the Court denies the motion.

### I. BACKGROUND

The present action concerns an automobile collision. At the time of the accident, plaintiff was driving a school bus and had stopped to allow children to exit the bus.[2] Plaintiff alleges Dillon, who was driving a tractor trailer carrying a load of logs, collided with her school bus.[3]

In her complaint, plaintiff complains of "severe, painful, debilitating, and permanently disabling injuries[,]" as well as "severe physical pain and suffering" and "mental anguish" caused by the accident.[4] She alleges that her damages were caused

---

[1] R. Doc. No. 63 (plaintiff's motion); R. Doc. No. 77 (defendants' response).
[2] R. Doc. No. 1-1, at 12.
[3] *Id.*
[4] *Id.* at 13.

by "the gross and wanton negligence, carelessness, and recklessness" of Dillon.[5] The Court recently granted defendants' motion for partial summary judgment with respect to plaintiff's claim for future medical expenses.[6]

Plaintiff now moves to exclude surveillance footage that she argues was not disclosed until "long after the close of discovery."[7] Plaintiff argues that there is no justification for defendant's untimely disclosure.[8] In response, defendants argue that the parties had agreed to continue discovery pursuant to an order by this Court stating that "[t]he parties may extend any deadlines other than the trial, pretrial conference, and dispositive motions deadline by consent and without leave of Court."[9] Defendants argue that this agreement is evidenced by plaintiff's continued discovery after the deadline.[10] If the disclosure is found to be untimely, defendants argue that the surveillance videos are still admissible because any untimeliness was substantially justified and harmless.[11]

## II. STANDARD OF LAW

Federal Rule of Civil Procedure 26(a) mandates that a party initially disclose the documents that party may use to support its claims or defenses. Rule 26(e) requires initial disclosures, along with any discovery response, to be supplemented or corrected "in a timely manner if the party learns that in some material respect the

---

[5] *Id.* at 12.
[6] R. Doc. No. 79.
[7] R. Doc. No. 63-1, at 2.
[8] *Id.* at 3.
[9] R. Doc. No. 77, at 4 (defendants' argument); R. Doc. No. 29 (Court's order).
[10] R. Doc. No. 77, at 4–6.
[11] *Id.* at 10.

2

disclosure or response is incomplete or incorrect." Rule 37(c) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"It is within the Court's discretion to determine whether a failure to disclose is justified or harmless." *Innovention Toys, LLC v. MGA Ent., Inc.,* No. CV 07-6510, 2010 WL 11538622, at *2 (E.D. La. Sept. 14, 2010) (Feldman, J.). "In determining whether the failure to disclose was justified or harmless, the Court considers such factors as: (1) the explanation for the failure to disclose; (2) the importance of the evidence; (3) the potential prejudice to the opposing party of admitting the evidence; and (4) the possibility of curing such prejudice by granting a continuance." *Id.* (citing *Betzel v. State Farm Lloyds,* 480 F.3d 704, 707 (5th Cir. 2007)); *see also Bailey v. Bd. of Comm'rs of La. Stadium & Exposition Dist.*, No. CV 18-5888, 2020 WL 6947861, at *3 (E.D. La. Mar. 2, 2020) (Brown, J.).

### III. ANALYSIS

As mentioned, plaintiff alleges that defendants failed to timely disclose surveillance videos and therefore the videos should be excluded at trial.[12] In her motion, plaintiff does not identify any specific prejudice caused by the alleged untimely disclosure. In response, defendants argue that the parties were continuing to conduct discovery based on a mutual agreement, and the videos were timely

---

[12] R. Doc. No. 63-1, at 2.

supplemented.[13] Additionally, defendants argue that, even if the videos were untimely, the untimely disclosure was harmless and substantially justified.[14] Neither party submits evidence expressly supporting the parties' agreement to continue discovery, although both parties continued discovery after the deadline.[15]

Even assuming that defendants' disclosure was untimely, the Court finds that the untimeliness was harmless. Defendants explained that the delay was justified because plaintiff was on summer break until August and therefore not working as a bus driver which prohibited defendants from obtaining footage.[16] Defendants also explain that it took additional time to record, compile, and transmit the footage after plaintiff returned to work in August.[17] Defendants further note that plaintiff still received all the videos at least 80 days prior to trial.[18]

While defendants do not explicitly argue that these videos are important to their defense, plaintiff has not demonstrated any prejudice that has occurred as a result of the delay in receiving the videos. Plaintiff has not sought a continuance to remedy any potential prejudice caused by the allegedly late disclosure. Furthermore, the Court does not find a continuance necessary given the lack of prejudice to plaintiff and the 80 days that she will have had to review the footage in preparation for trial. Therefore, plaintiff's motion to exclude should be denied.

---

[13] R. Doc. No. 77, at 7.
[14] *Id.* at 9.
[15] R. Doc. No. 77, at 8; R. Doc. No. 75, at 4.
[16] R. Doc. No. 77, at 11.
[17] *Id.* at 11.
[18] *Id.* at 10.

## III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that plaintiff's motion to exclude the surveillance footage is **DENIED**.

New Orleans, Louisiana, December 7, 2023.

　　　　　　　　　　　　　　　　＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
　　　　　　　　　　　　　　　　　　　　**LANCE M. AFRICK**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**